BEFORE THE FIRST DIVISION, MARCH 6, 1969

**No. P69/60.**—Regency Flowers, Inc. *v.* United States, protests 66/72919, etc. (New York).

**No. P69/61.**—Deldan Design, Inc. *v.* United States, protests 68/21463, etc. (New York).

WATSON, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of artificial flowers in chief value of plastic, assembled in the same manner as the plastic artificial flowers in *Armbee Corporation et al.* v. *United States* (60 Cust. Ct. 105, C.D. 3278) and *Zunold Trading Corporation et al.* v. *United States* (60 Cust Ct. 112, C.D. 3279), the claim of the plaintiffs was sustained.

**No. P69/62.**—Fred Bronner Corp. *v.* United States, protest 63/324 (New York).

**No. P69/63.**—Fred Bronner Corp. *v.* United States, protest 66/627 (New York).

MALETZ, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of "Models of Yesteryear" vehicles similar in all material respects to those the subject of *Fred Bronner Corp.* v. *United States* (57 Cust. Ct. 428, C.D. 2832), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MARCH 11, 1969

**No. P69/64.**—R. H. Macy & Co., Inc. *v.* United States, protest 67/76776 (New York).

NEWMAN, J.  In accordance with stipulation of counsel that the merchandise covered by the foregoing protest consists of bicycles, with or without tires having wheels in diameter (measured to the outer circumference of the tire) over 25 inches, weighing less than 36 pounds complete without accessories, and not designed for use with tires having a cross-sectional diameter exceeding $1\frac{5}{8}$ inches and that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co., Mangano Cycles Co.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiff was sustained.